457 A.2d 1312

**COMMONWEALTH of Pennsylvania,**

v.

**John R. McCOOL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1982.

Filed March 25, 1983.

Harry V. Klein, Sunbury, for appellant.

Thomas E. Boop, Assistant District Attorney, Sunbury, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

CAVANAUGH, Judge:

Appellant John Robert McCool was convicted by a jury of one count each of kidnapping, unlawful restraint, rape, involuntary deviate sexual intercourse, indecent assault, robbery, and unauthorized use of a motor vehicle. Motions for a new trial and in arrest of judgment were denied, and appellant was sentenced to a total of 30 to 60 years imprisonment. He claims on appeal that the lower court abused its discretion in refusing to grant his request for a continuance for the purpose of retaining private counsel, and that trial counsel was ineffective in various respects. For the reasons discussed below, we vacate the judgment of sentence and remand for further proceedings.

Appellant was imprisoned in New York state at the time he was initially charged with the instant offenses. He was

brought into Pennsylvania on February 16, 1981 pursuant to the Interstate Agreement on Detainers, 42 Pa.C.S.A. § 9101 *et seq.*, and was imprisoned in Snyder County where he stood trial on unrelated charges on February 26, 1981. He was then brought into Northumberland County where he was preliminarily arraigned on the instant charges on March 2, 1981. A preliminary hearing was held on March 6, 1981, at which time appellant first met the public defender who had been appointed to represent him. Appellant and his counsel met for the second time at the in-court arraignment held on April 2, 1981. Appellant notified his counsel, by way of a letter dated April 15, 1981, that their relationship was "terminated", whereupon counsel filed a motion requesting leave to withdraw from the case.

At a hearing held on the motion on May 7, 1981, appellant testified that he did not trust his appointed counsel, that counsel believed him guilty and had laughed at his offered alibi defense, and that counsel had not come to see him as he should have. Appellant stated that he would rather proceed without an attorney than proceed with the attorney appointed to represent him. Appellant's counsel testified at the hearing that he personally did not feel that there were irreconcilable differences between himself and the appellant, but he indicated that he did not feel he could effectively represent appellant if appellant was unwilling to cooperate with him. At the conclusion of the hearing, the court denied counsel's motion to withdraw, stating that it did not want to delay the trial, which was scheduled to begin the following week, and that there was not "enough cause shown" to warrant counsel's withdrawal. The court did, however, appoint a second public defender to serve as co-counsel.

Appellant's case was called for trial on May 12, 1981. Prior to the selection of the jury, appellant requested a continuance for time within which to retain private counsel. The court held a brief hearing on the request, at which time appellant reiterated that he did not trust the attorney appointed to represent him and stated that he did not want

the public defender appointed to serve as co-counsel either, but that he wanted someone who would take a personal interest. He informed the court that he had spoken with his brother the night before and that his brother had agreed to provide money for appellant to obtain private counsel. He requested a continuance of "at least a couple days" so that he could get in touch with his brother again and make the necessary arrangements. The court delayed the start of trial a few hours in order to give appellant a chance to contact his brother and confirm his willingness and ability to provide the necessary funds. Unfortunately, appellant "was ultimately unable to contact his brother, and thus could not with any degree of accuracy relate to the court whether in fact his brother would pay for an attorney, nor how much he could pay, nor which attorney he had in mind to retain." (Lower court opinion at 3). The court denied a further continuance and the case proceeded to trial. As stated above, appellant was found guilty of all charges and was sentenced to a term of imprisonment. The instant appeal ensued.

It is clear that a person charged with a crime has a constitutional right to the assistance of counsel which includes the right to a reasonable opportunity to obtain counsel of his or her own choice. *Commonwealth v. Kittrell,* 285 Pa.Super. 464, 467, 427 A.2d 1380, 1381 (1981); *Commonwealth v. Andrews,* 282 Pa.Super. 115, 122, 422 A.2d 855, 858 (1980). That right, however, is not absolute. As we stated in *Commonwealth v. Atkins,* 233 Pa.Super. 202, 207–08, 336 A.2d 368, 371–72 (1975):

> [T]he desirability of permitting a defendant additional time to obtain private counsel of his choice must be weighed against the public need for the efficient and effective administration of justice. The matter of continuance is traditionally one within the discretion of the trial judge, and no prophylactic rule exists for determining when a denial of a continuance amounts to a violation of due process. Each case must be decided by balancing the competing interests, giving due regard to the facts

presented. "[I]t is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (citations omitted).

We can not say that the lower court abused its discretion in denying the appellant's request for a continuance in the instant case.

■ An indigent defendant has a right to court-appointed counsel. However, the court's duty is to furnish an able and willing counsel who has the qualifications to lend effective representation, that is, one who would reasonably be expected to inspire the defendant's confidence. It is not the court's duty to denominate a series of attorneys for the defendant in the hope of stimulating a confidence unreasonably withheld or to furnish an advocate in strict conformity with the defendant's stylized notions of acceptable forensic skills.

■ The appellant in the instant case was provided with court-appointed counsel. He was given an opportunity at the hearing on counsel's motion to withdraw to explain the reasons for his dissatisfaction with his appointed counsel. At the conclusion of that hearing, the court found that there was no good cause shown for replacing appointed counsel, but, as a precautionary measure, a second attorney was appointed to serve as co-counsel. The decision not to permit the withdrawal of court-appointed counsel was made five days before appellant was scheduled to go to trial, and yet appellant waited until the night before his trial to contact his brother and until the morning of the trial to

request a continuance for the purpose of obtaining private counsel. We have repeatedly condemned the practice of waiting until the day of trial to request such a continuance. *Commonwealth v. Nicolella,* 307 Pa.Super. 96, 452 A.2d 1055 (1982); *Commonwealth v. Kittrell, supra; Commonwealth v. Andrews, supra.* Nor is this a case where a defendant was forced to go to trial without counsel or with counsel who was unprepared. On the contrary, appellant's court-appointed counsel was familiar with the case and was prepared for trial, and court-appointed co-counsel was ready to provide any necessary assistance. Under the circumstances presented in this case, we can not hold that the lower court abused its discretion in denying appellant's request for a continuance.

 Appellant also alleges that his trial counsel was ineffective in several respects. Because current counsel was appointed to represent appellant after post-verdict motions were denied, this appeal presents the first opportunity for appellant's present counsel to challenge previous counsel's effectiveness. Therefore, appellant's allegations of ineffectiveness are properly presented for appellate review. Because no evidentiary hearing has been held allowing trial counsel to explain his actions, we can not determine from the present record whether or not counsel was effective. Consequently, we must vacate the judgment of sentence and remand for an evidentiary hearing on appellant's claims of ineffective assistance of trial counsel. Should the court determine that appellant has been denied the effective assistance of counsel, it shall grant him a new trial. Otherwise, the court shall reinstate the judgment of sentence. In either instance, appropriate appellate rights may be exercised by the aggrieved party in this court.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.