COMMONWEALTH of Pennsylvania,
Appellee

v.

Kenneth Stephen PRYSOCK,
Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 10, 2008.

Filed April 21, 2009.

Jeffrey M. Murray, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: BOWES, FREEDBERG, and FITZGERALD *, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 Appellant, Kenneth Prysock, appeals from the judgment of sentence entered on January 29, 2008, in the Court of Common Pleas of Allegheny County. For the reasons discussed below, we vacate the judgment of sentence and remand for a new trial.

¶ 2 On May 10, 2007, Appellant was charged with one count of possession with intent to deliver [1] and one count of possession of a controlled substance.[2] The charges arose out of a December 16, 2006 incident, wherein Appellant allegedly agreed to sell illegal narcotics to an undercover police officer.

¶ 3 On June 28, 2007, Appellant, who was incarcerated at SCI Albion, filed an application for appointment of counsel, trial on the outstanding charges having been scheduled for August 8, 2007.[3] At some point subsequent to the filing of the application, William C. Stanislaw, Esq., of the Allegheny County Public Defenders Office was appointed to represent Appellant. Following his appointment, it appears that the trial was rescheduled for November 1, 2007.[4] On October 30, 2007, Attorney Stanislaw filed a motion to suppress.

¶ 4 On November 1, 2007, immediately prior to jury selection, Attorney Stanislaw alerted the trial court that Appellant was dissatisfied with his representation and wished to retain private counsel. N.T. 11/01/07 at 4–12. After some discussion, the trial court formally refused Appellant's request for a continuance to obtain retained counsel. *Id.* Over Appellant's objection, jury selection commenced. *Id.* at 13. Several minutes later, the trial court was informed that Appellant wished to represent himself in the proceedings. *Id.* However, this was in error, as Appellant reiterated that he was dissatisfied with counsel's representation because counsel would not allow him to have the final say in jury selection and that he wanted a continuance to retain private counsel. *Id.* at 13–18.

¶ 5 The next morning, Lee Rothman, Esquire, attempted to enter his appearance on behalf of Appellant. N.T. 11/02/07 at 19–21. Attorney Rothman stated that he had been retained by Appellant's family but was not prepared to go to trial that day. *Id.* at 19. Attorney Rothman was unaware that six jurors had already been

---

* Former Justice specially assigned to the Superior Court.

1. 35 Pa. Cons.Stat. Ann. § 780–113(a)(30).

2. 35 Pa. Cons.Stat. Ann. § 780–113(a)(16) and (b).

3. The record is devoid of information as to why counsel had not previously been appointed.

4. There is nothing contained in the certified record concerning the postponement.

selected. *Id.* The trial court denied Attorney Rothman's request for a continuance and jury selection continued with Mr. Stanislaw representing Appellant. *Id.* at 21.

¶ 6 The trial proceeded with Attorney Stanislaw representing Appellant over Appellant's objections. On several subsequent occasions during trial, Appellant stated his dissatisfaction with Mr. Stanislaw's representation, and the trial court was forced to intervene to resolve problems between Appellant and Attorney Stanislaw. N.T. 11/02/07 at 47–48; N.T. 11/02/07 at 59; N.T. 11/05/07 at 97–104; N.T. 11/05/07 at 141–53; N.T. 11/05/08 at 180–82.

¶ 7 On November 7, 2007, the jury found Appellant guilty of all charges. On January 29, 2008, Appellant was sentenced as a second or subsequent offender to a term of incarceration of 3½ to 9 years with credit for time served between December 19, 2006, and February 7, 2007. Appellant, now represented by Public Defender Jeffrey Murray, filed a timely notice of appeal. On February 26, 2008, Appellant was directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b). On March 17, 2008, Appellant filed a request for an extension of time to file his 1925(b) statement; that request was granted on March 18, 2008. Appellant subsequently filed a timely 1925(b) statement and the trial court issued an opinion.

¶ 8 Appellant raises two related claims on appeal.

1. Did the lower court abuse its discretion in failing to grant Mr. Prysock's reasonable request for time to acquire private counsel when it denied a motion for postponement submitted on November 1, 2007, in violation of his U.S. Const. Amend. VI and P.A. Const. Art. 1 § 9 rights?

2. Did the lower court abuse its discretion in failing to grant Mr. Prysock's reasonable request for time to acquire private counsel when it constructively denied a motion for postponement on November 2, 2007, in violation of his U.S. Const. Amend. VI and P.A. Const. Art. 1 § 9 rights?

Appellant's Brief at 4.

¶ 9 Appellant argues that the trial court violated his rights by denying his November 1 and 2, 2007 requests for a continuance. It is well settled that the decision to grant or deny a request for a continuance is within the sound discretion of the trial court. *Commonwealth v. Pries,* 861 A.2d 951, 953 (Pa.Super.2004), *appeal denied,* 584 Pa. 693, 882 A.2d 478 (2005). Further a trial court's decision to deny a request for a continuance

> will be reversed only upon a showing of an abuse of discretion. *Commonwealth v. Ross,* 465 Pa. 421, 422 n. 2, 350 A.2d 836, 837 n. 2 (1976). As we have consistently stated, an abuse of discretion is not merely an error judgment. *Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934). Rather, discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record...." *Commonwealth v. Chambers,* 546 Pa. 370, 387, 685 A.2d 96, 104 (1996) (quoting *Mielcuszny,* 317 Pa. at 93–94, 176 A. at 236).

*Commonwealth v. Randolph,* 582 Pa. 576, 873 A.2d 1277, 1281 (2005) (quoting *Commonwealth v. McAleer,* 561 Pa. 129, 748 A.2d 670, 673 (2000)). With respect to the right to counsel, The Supreme Court of Pennsylvania has stated:

[t]he right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. In addition to guaranteeing representation of the indigent, these constitutional rights entitle an accused "to choose at his own cost and expense any lawyer he may desire." *Commonwealth v. Novak*, 395 Pa. 199, 213, 150 A.2d 102, 109, *cert. denied*, 361 U.S. 882, 80 S.Ct. 152, 4 L.Ed.2d 118 (1959). The right to "counsel of one's own choosing is particularly significant because an individual facing criminal sanctions should have great confidence in his attorney." *Moore v. Jamieson*, 451 Pa. 299, 307–08, 306 A.2d 283, 288 (1973).

We have held, however, that the constitutional right to counsel of one's choice is not absolute. *Commonwealth v. Robinson*, 468 Pa. 575, 592–93 & n. 13, 364 A.2d 665, 674 & n. 13 (1976). Rather, "the right of the accused to choose his own counsel, as well as the lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Id.* at 592, 364 A.2d at 674 (internal quotations omitted). Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably "clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." *Commonwealth v. Baines*, 480 Pa. 26, 30, 389 A.2d 68, 70 (1978). At the same time, however, we have explained that " 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.' " *Robinson*, 468 Pa. at 593–94, 364 A.2d at 675 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

*McAleer*, 748 A.2d at 673–74.

¶ 10 In *United States v. Gonzalez–Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), Justice Scalia, writing for the majority, affirmed the United States Court of Appeals for the Eighth Circuit's holding that defendant's conviction had to be reversed and he was entitled to a new trial when defendant's Sixth Amendment right to paid counsel of his choosing was violated. In so holding, Justice Scalia reiterated the importance of a defendant's right to privately retained counsel of his own choosing, holding that where a criminal defendant makes a showing that he has been erroneously deprived of the right to representation of the counsel of his choice, he is neither required to demonstrate that he was prejudiced nor that the deprivation did not constitute harmless error. *Gonzalez–Lopez*, 548 U.S. at 148–150, 126 S.Ct. 2557. Rather, the United States Supreme Court held that such a violation is a structural error which pervades the entire trial. *Id.* at 150–51, 126 S.Ct. 2557. However, the Supreme Court acknowledged that a trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness ... and against the demands of its calendar." *Id.* at 152, 126 S.Ct. 2557 (internal citations omitted). Here, based upon the record before us, we are constrained to find that the trial judge abused its discretion in failing to grant the two requests for a continuance made on November 1 and 2, 2007. The record does not demonstrate that the trial judge engaged in the proper balancing of Appellant's right to counsel of his choice against the Commonwealth's interest in the swift administration of justice.

¶ 11 In examining whether a trial court abused its discretion in refusing to grant a

continuance for a defendant to retain new counsel, Pennsylvania courts have historically looked at several factors. We have generally found that a trial court did not abuse its discretion in denying a request for a continuance to retain new counsel where the trial court conducted an "extensive inquiry" into the underlying causes of defendant's dissatisfaction with current counsel and based upon that inquiry determined that the differences did not constitute "irreconcilable differences." *Commonwealth v. Floyd,* 937 A.2d 494, 496–500 (Pa.Super.2007) (collecting cases).

¶ 12 We have also looked to the number of prior continuances in the matter, the timing of the motion, whether private counsel had actually been retained, and the readiness of private counsel to proceed in a reasonable amount of time. *See Commonwealth v. Randolph,* 582 Pa. 576, 873 A.2d 1277, 1282–83 (2005) (finding no abuse of discretion in the denial of defendant's request for a continuance to retain private counsel where the case had previously been continued twice at appointed counsel's request; defendant had been in contact with private counsel for approximately five months but counsel had never entered an appearance; where the request was made two days prior to the start of trial; and where the trial court gave private counsel the opportunity to participate and was willing to accommodate his schedule but private counsel never appeared during trial or sentencing); *Commonwealth v. Robinson,* 468 Pa. 575, 364 A.2d 665, 672–76 (1976) (finding no abuse of discretion where retained counsel represented defendant at a preliminary hearing but did not enter his appearance for four months; where the trial court specifically and personally advised defendant on two separate occasions that retained counsel had to be present for trial; where retained counsel failed to appear for the scheduled trial date; where the trial court then postponed the trial three times before requiring defendant to proceed with appointed counsel; and where all efforts of the court and the district attorney to locate defendant's retained counsel and ascertain his intentions were unavailing); *Commonwealth v. Boettcher,* 313 Pa.Super. 194, 459 A.2d 806, 809–811 (1983) (finding no abuse of discretion where defendant had been represented by the same public defender since arrest and had never indicated that she wished to retain private counsel until the date of trial; where defendant never claimed to be dissatisfied with the public defender's representation; where the trial court afforded retained counsel the ability to participate in the trial immediately; where the trial was scheduled less than thirty days prior to the expiration of the speedy-trial run date; and where several of the Commonwealth's witnesses were not local residents); *Commonwealth v. McCool,* 311 Pa.Super. 536, 457 A.2d 1312, 1312–1315 (1983) (finding no abuse of discretion where defendant, despite notifying appointed counsel over thirty days prior to his trial date that he wished to retain counsel, made no efforts to retain counsel until the night before trial and where the trial court was unable to ascertain the truth of defendant's statement that his family would provide funds for him to retain private counsel); *Commonwealth v. Carroll,* 306 Pa.Super. 152, 452 A.2d 260, 262–64 (1982) (finding no abuse of discretion where defendant did not inform appointed counsel that he wished to retain a private attorney who had previously represented him until jury selection; where he did not take steps to contact said counsel until mid-trial; where counsel was unavailable to continue with the trial at that time; and where defendant cooperated with appointed counsel throughout the remaining proceedings); *Commonwealth v. Andrews,* 282 Pa.Super. 115, 422 A.2d 855, 860 (1980)

(finding no abuse of discretion where trial occurred some seventeen months after defendant's arrest; where defendant had previously been warned on two occasions that the trial would commence on a certain date and that private counsel needed to enter his appearance by that date; and where the attorney in question stated that he did not represent defendant).

¶ 13 Here, the record does not establish that any of the factors which we rely on in ascertaining whether the swift administration of justice would be vitiated by granting the continuance were present. Although the underlying criminal activity in this matter occurred in December 2006, Appellant was not charged until May 2007, and counsel was not appointed until some time after June 28, 2007, less than thirty days prior to the scheduled trial date of August 8, 2007. While the trial court and the Commonwealth argue that this trial date was continued, at least in part, so that Appellant could retain private counsel, there is nothing in the record which substantiates this claim, and we may not rely on items *dehors* the record, "such as assertions in an appellate brief or a trial court opinion" in resolving this issue.[5] *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa.Super.2008).

¶ 14 There is also no indication in the record that Appellant was ever personally warned that he needed to retain counsel by a specific date or that no further continuances would be granted after the trial was initially continued. *See Commonwealth v. Patterson*, 931 A.2d 710, 713 (Pa.Super.2007) (holding that a defendant who seeks to retain private counsel must "receive proper notice of the date by which counsel must enter his appearance"). Also, the record demonstrates that Appellant was incarcerated in a state correctional facility at all times since December 2006, making it difficult for him to retain counsel in Allegheny County; however, his family did obtain counsel to represent him, who attempted to enter his appearance on November 2, 2007. Thus, it was apparent that Appellant was not attempting to unreasonably delay the trial proceedings by claiming that he was going to retain private counsel when he had no means or intention of doing so.

¶ 15 Further, the trial court relied on a single factor in making its decision not to grant the requested continuances, the fact of the prior continuance on August 8, 2007.[6] *See* N.T. 11/01/07 4–12; N.T. 11/02/07 19–21; Trial Court Opinion 5/30/08 at 3. The record reflects that the trial court failed to make any inquiry whatsoever into the nature of the dispute between Appellant and appointed counsel, and thus failed to make the type of detailed factual findings that we have previously commended and in their absence have found an abuse of discretion. *See Commonwealth v. Tyler*, 468 Pa. 193, 360 A.2d 617 (1976) (finding an abuse of discretion when the trial court refused Appellant's request for a continuance and for

---

5. If anything, the record supports Appellant's claim that the continuance was largely granted because appointed counsel was not prepared to go to trial, given that he was appointed less than thirty days prior to the trial date and the fact that he did not file a motion to suppress until immediately prior to the rescheduled trial date.

6. In fact, in denying the second request for a continuance on November 2, 2007, the trial court erroneously claims (and the Commonwealth continues to assert in its brief) that Appellant was granted *two* continuances for the purpose of retaining private counsel. N.T. 11/02/07 at 20. There is nothing in the record to support the trial court's assertion that there was ever a second continuance in this matter, and as noted above, its assertion on November 2, 2007, that the first continuance was solely for the purpose of retaining private counsel is, at best, questionable.

new *appointed* counsel where the trial court did not inquire into the nature of defendant's complaints).

¶ 16 Further, the trial court failed to engage in any balancing of the Appellant's constitutional right to retain counsel of his choice versus the Commonwealth's right to the swift administration of justice. It also failed to explain how the swift administration of justice would be thwarted by granting the continuance in this matter. We note that the Commonwealth never objected to the grant of a continuance; rather, when asked his position, the assistant district attorney simply stated that he was prepared to go forward that day and that, if Appellant continued to request a jury trial, he would not be available for another jury trial until March. N.T. 11/01/8 at 4–5. The assistant district attorney did not state that postponing the trial until that date would cause any hardship, would pose any speedy trial problems, or that any of his four witnesses, who were all local police officers, would be unavailable. *See Commonwealth v. Rucker,* 563 Pa. 347, 761 A.2d 541, 543–44 (2000) (where the state has no interest which would have been affected, defendant's right to counsel of his choice should prevail). Further, the trial court never asked newly retained counsel how lengthy a continuance he would require. Lastly, while a jury had already been partially chosen when retained counsel attempted to enter his appearance, that fact is not dispositive. *See Commonwealth v. Wolfe,* 301 Pa.Super. 187, 447 A.2d 305, 311 (1982) (noting the necessity of avoiding prolonged delays after a jury has been empaneled but finding that the exercise of defendant's right to counsel of his choice would not have "unduly disrupted" the administration of justice).

¶ 17 It is evident from the record that Appellant's difficulties with appointed counsel pervaded every aspect of the trial, as Appellant objected to counsel's handling of jury selection, his handling of the suppression hearing, his questioning of witnesses at trial, and his refusal to call requested character witnesses. *See* N.T. 11/01/07 at 13–18; 11/02/07 at 47–48; N.T. 11/02/07 at 59; N.T. 11/05/07 at 97–104; N.T. 11/05/07 at 141–53; N.T. 11/05/08 at 180–82. We note that each of these quarrels between counsel and Appellant required judicial intervention, side-bar conferences, recesses, and consultations by both the Commonwealth and appointed counsel with senior colleagues, a process that hardly contributed to the efficient administration of justice in this matter, particularly in light of the serious constitutional nature of Appellant's request. *See McAleer,* 748 A.2d at 676 ("we are not persuaded that the state's interest in efficient administration is ultimately served when is a defendant is compelled to proceed to trial in violation of his constitutional rights").

¶ 18 For the reasons discussed above, we find that the trial court abused its discretion when it denied Appellant's requests for a continuance so that he might proceed with retained counsel of his choice. Thus, the judgment of sentence must be vacated and the case remanded for a new trial.

¶ 19 Judgment of sentence **VACATED.** Case **REMANDED** for a new trial with retained counsel. Jurisdiction **RELINQUISHED.**

¶ 20 Justice FITZGERALD concurs in result.