J-S73023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY METZ ROGERS | |
| Appellant | No. 1025 MDA 2014 |

Appeal from the Judgment of Sentence of June 2, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0000186-2013

BEFORE:  BOWES, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 19, 2014**

Gregory Metz Rogers appeals from the judgment of sentence entered on June 2, 2014, after he pleaded guilty to one count each of habitual offenders and driving under suspension—DUI related.[1]  We affirm.

On November 18, 2012, Officer M.J. Pieniazek of the State College Police Department initiated a traffic stop of Rogers' car because he was driving without his headlights illuminated during the required period of time.  Subsequently, Officer Pieniazek discovered that Rogers' driver's license had been suspended for five years for a conviction of driving under the influence on December 7, 2007.  On February 26, 2013, the Commonwealth filed an

---

[1]  **See** 75 Pa.C.S.A. §§ 6503.1, 1543(b)(1).  An additional count of period for requiring lighted lamps, 75 Pa.C.S.A. § 4302(a)(1), was *nolle prossed*.

information against Rogers with the above-mentioned charges. On May 23, 2013, the trial court granted Roger's unopposed motion for continuance and waiver of Pa.R.Crim.P. 600. The court subsequently granted four more unopposed motions for continuance on July 18, 2013, September 18, 2013, November 20, 2013, and January 24, 2014. Rogers waived his right to a jury, and the trial court scheduled a non-jury trial for May 2, 2014. Rogers filed an additional motion for continuance, which the trial court granted on May 5, 2014, continuing proceedings until June 2, 2014, when Rogers would enter a guilty plea.

On June 2, 2014, Rogers requested a seventh continuance, claiming that he still needed additional time to retain privately-hired counsel. Court-appointed counsel explained that Rogers "has made some payments to Attorney Tom Dickey out of Altoona. Apparently, Mr. Dickey is awaiting the additional payment of $200 before he will enter his appearance." Notes of Testimony ("N.T.") Continuance Request, 6/2/2014, at 2. The Commonwealth opposed, and the trial court denied the request. *Id.* Rogers then proceeded to enter written and oral guilty plea colloquies to habitual offenders and driving under suspension—DUI related. *See* N.T. Guilty Plea/Sentencing, 6/2/2014, at 2-3. The trial court immediately sentenced Rogers to an aggregate period of county incarceration of not less than sixty days nor more than twenty-three and a half months. *See* Sentence, 6/2/2014.

On June 4, 2014, Rogers timely filed a post-sentence motion, seeking to withdraw his guilty plea and to stay his report date for sentencing pending appeal. On June 5, 2014, the trial court denied the motion to withdraw Rogers' guilty plea but granted the motion to stay his report date. Rogers timely appealed on June 17, 2014. Pursuant to the trial court's order, on July 7, 2014, Rogers timely filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 16, 2014, the trial court entered its opinion pursuant to Pa.R.A.P. 1925(a).

Rogers raises one question for our review: "Did the [trial c]ourt abuse its discretion when it denied [Rogers'] Motion for Continuance and Motion to Withdraw Guilty Plea?" Rogers' Brief at 7.

Preliminarily, we observe that Rogers has completely abandoned his challenge to the denial of his post-sentence motion to withdraw his guilty plea. **See id.** at 12-13; **see also Commonwealth v. English**, 699 A.2d 710, 714 n.5 (Pa. 1997) (holding that issue included in statement of questions presented but not argued in text of brief is waived). Thus, we address only Rogers' challenge to the trial court's denial of his seventh motion for continuance.

Our standard of review when considering a court's decision to deny a motion for a continuance is as follows:

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is over-ridden or

misapplied, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record. The grant of a continuance is discretionary and a refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated.

In reviewing a denial of a continuance, the appellate court must have regard for the orderly administration of justice, as well as the right of the defendant to have adequate time to prepare a defense.

*Commonwealth v. Hansley*, 24 A.3d 410, 418 (Pa. Super. 2011) (citations and quotation marks omitted).

In examining whether a trial court abused its discretion in refusing to grant a continuance for a defendant to retain new counsel, Pennsylvania courts have historically looked at several factors. We have generally found that a trial court did not abuse its discretion in denying a request for a continuance to retain new counsel where the trial court conducted an "extensive inquiry" into the underlying causes of defendant's dissatisfaction with current counsel and based upon that inquiry determined that the differences did not constitute "irreconcilable differences." *Commonwealth v. Floyd*, 937 A.2d 494, 496-500 (Pa. Super. 2007) (collecting cases).

We have also looked to the number of prior continuances in the matter, the timing of the motion, whether private counsel had actually been retained, and the readiness of private counsel to proceed in a reasonable amount of time.

*Commonwealth v. Prysock*, 972 A.2d 539, 542-43 (Pa. Super. 2009).

In the instant case, Rogers requested a continuance on June 2, 2014 because, although he was represented by appointed counsel, he wished to retain counsel who was awaiting the payment of $200 before entering an appearance. In response, the Commonwealth asserted:

With respect to this case, from the time it was reassigned to me, it was told to me that [Rogers] was going to be entering a guilty

plea on nonjury trial day. He came in, decided not to do that and decided to fire [appointed counsel] and hire [retained counsel]. It still, at this point, hasn't happened so we'd ask you to deny the continuance request. And I'd have to, at this point in time, try and track down and see if my witnesses would be available for trial.

N.T. Continuance Request at 2. The trial court denied the request and proceeded to take Rogers' guilty plea colloquies. *Id.* at 3. Appointed counsel indicated that, in completing the written plea colloquy,

[Rogers] checked no, that he has not had enough time to consult with me about this case. Mr. Rogers is intending on hiring [retained counsel]. A request for continuance was denied. I told Mr. Rogers the deal is what has been since it was changed in April by the Commonwealth. I've had numerous conversations with him about what the plea offer is.

N.T. Guilty Plea at 3. The court accepted the colloquy, noting that "[Rogers] knew this date was coming up." *Id.* at 3. In the oral colloquy, Rogers agreed that his plea was entered voluntarily, that he understood the nature of the charges and admitted the conduct upon which they were based, and the elements and range of sentences and fines for the charges. *Id.* at 4. Furthermore, in response to the trial court's inquiries, he answered:

Q. Did you have an opportunity to discuss this plea with your current lawyer . . . ?

A. Yes.

Q. And are you satisfied with [appointed counsel's] representation of you?

A. Yes.

*Id.* at 5.

In the circumstances of this case, Rogers had already been granted six uncontested motions for continuance. This seventh motion was made more than fifteen months after the information was filed against him. The Commonwealth stated that it had been prepared to move forward with a guilty plea on June 2, 2014, and that if the continuance were granted, it would have to track down witnesses to prepare for a trial. Furthermore, Rogers stated that he was satisfied with appointed counsel, who was prepared to represent him. Conversely, Rogers' desired retained counsel had yet to enter an appearance, and there is no indication in the record that he would be prepared to represent Rogers. *See Prysock*, 972 A.2d at 542-43.

The trial court sufficiently inquired into the underlying circumstances of Rogers' request for continuance to find that, where Rogers was ably represented by appointed counsel, there were no irreconcilable differences which would merit granting the continuance. *See, e.g.*, *Commonwealth v. Carroll*, 452 A.2d 260, 263 (Pa. Super. 1982) (finding that trial court did not abuse discretion in denying continuance to retain new counsel where "appellant was ably represented by his public defender"). Accordingly, we conclude that the trial court did not abuse its discretion in denying Rogers' motion for continuance. *See Hansley*, 24 A.3d at 418. Rogers' issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014