J-A11043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                                                :
            v.                                  :
                                                :
                                                :
SCOTT MICHAEL STANTON             :
                                                :
            Appellant                         :       No. 1806 MDA 2019

Appeal from the Judgment of Sentence Entered November 22, 2017
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000272-2017

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: JUNE 8, 2020**

Appellant, Scott Michael Stanton, appeals from the judgment of sentence entered in the Court of Common Pleas of Perry County after a jury found him guilty of two counts each of Aggravated Assault, Simple Assault, Disarming a Law Enforcement Officer, and Disorderly Conduct, and one count each of Resisting Arrest and Flight to Avoid.[1]  Having received an aggregate sentence of seven to 16 years' incarceration, Appellant herein contends the trial court erred in denying his motion for a continuance to retain new, private counsel to replace conflict counsel on the morning his criminal trial was scheduled to start.  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 2702(a)(1), 2701(a)(1), 5104.1(a), 5503(a)(1), 5104, and 5126(a), respectively.

On May 11, 2017, Appellant was charged with the above-listed crimes. With his jury trial scheduled for Tuesday, October 31, 2017, his court-appointed conflict counsel, Brittany Shetter, Esq., informed him on Friday, October 27, 2017, that she had just learned the prosecution received a recording of him speaking to other inmates regarding his intended testimony for his case. Attorney Shetter immediately filed a Motion to Dismiss Charges asserting that the recording was unlawful, and, if deemed admissible, constituted unfair surprise by giving the Commonwealth new potentially incriminating evidence for trial.

On Monday, October 30, 2017, during a telephonic conference, the Commonwealth assured Attorney Shetter and the court that it would not use the recording at trial. Accordingly, concluding that a suppression hearing was not needed and the issue was resolved for purposes of the present trial, the court denied counsel's Motion to Dismiss.

On Tuesday, October 31, 2017, the morning of Appellant's jury trial, Appellant addressed the court and requested a continuance to obtain new, privately retained counsel. When asked why he wished to do so, Appellant stated generally that he believed conflict counsel mishandled the motion to dismiss and failed to involve him sufficiently during the entirety of pretrial proceedings. The following lengthy exchange between the court and Appellant ensued:

> **APPELLANT**: Your Honor, I do have something to say. I'm going – at this point, I need a continuance; because I'm going to let Ms. Shetter go because of the new evidence and the files that she tried

to get a continuance. I didn't find out about it until late Friday, and I contact [sic] my family. They're in the process of getting me a new attorney, a paid attorney, to handle it both; but I haven't had enough time. I mean, it just came up to me Friday. Like, how am I supposed to get a new attorney in not even 48 hours? You know what I mean?

**THE COURT:** What came up to you Friday?

**APPELLANT:** The whole – the thing where she just filed for dismissal on those grounds that came into – came into play.

**COUNSEL:** The recording, Your Honor, I made him aware on Friday.

**THE COURT:** But what does that recording have to do with being here for trial today on this case?

**APPELLANT:** Because I don't feel like I'm being represented right, that they should have more weight in what's happening here. Like, it's not about its content so much as it is how it was – how it was obtained. And what it did is it forced my parents' hand to get me a private attorney. Now, because of that, they will; but I didn't have enough time to look into it. And that's not the only issue for the first –

**THE COURT:** First of all, your attorney is a paid attorney.

. . .

**APPELLANT:** Well, she's represented me from the public defender's office.

**THE COURT:** Whether a private attorney, as you want to call them, files this motion, or she files the motion, the result is the same. The fact that there may have been a wiretap violation – doesn't affect the outcome of this case. It may create a whole new case. I don't know.

**APPELLANT:** Right.

**THE COURT:** But it has nothing to do with this case today.

**APPELLANT:** There's other things, if you want me to continue, I can continue on why I want to let her go.

**THE COURT:** You can all you want, but you're here for jury trial today.

. . .

**APPELLANT:** I mean, you're not giving me a chance to even explain what else I need to – why I need to.

**THE COURT:** Well, tell me.

[Appellant asserts counsel failed to advise him properly as to his options during jury selection, but the court explained that he did not, in fact, have the option to strike the entire jury pool as he believed. Counsel, the court informed Appellant, had advised Appellant appropriately.]

**APPELLANT:** So another reason: I just found out that the public defender's office and the DA have a problem. They have like a vendetta, if you will, against me for advising the other inmates in the prison of things. . . . So being that she's a stem from the public defender's office, I feel that, that, there might be some prejudice right there as into why I need to let her go, why I need to get another attorney.

Do you understand what I'm saying? Like, that was plainly said to me – told to me.

**THE COURT:** By Attorney Shetter?

**APPELLANT:** Yes, sir.

**THE COURT:** That she doesn't want to represent you, because she wants you out?

**APPELLANT:** No[. . . .] She said that public defenders, certain public defenders have a . . . dislike for me.

**THE COURT:** Okay. Maybe that's why they conflicted out and put this to outside counsel.

**APPELLANT:** No, that not why.

- 4 -

**THE COURT:** Well, even if it isn't why, they did. And the reason I just sit here and shake my head at that – at your scenario here is [counsel] doesn't work in the public defender's office. She doesn't work for the public defender's office. She's not hired by the public defender's office.

**APPELLANT:** Then who hired her? It wasn't me.

**THE COURT:** She is what is called conflict counsel. She works for the Law Offices of Kevin Prosser. . . . She doesn't work for the public defender's office. And so what the remedy would be if you have a problem with the public defender's office is to appoint conflict counsel, which you already have. I mean that's why – you're coming up with a reason after reason after reason to delay this case today –

**APPELLANT:** Right. I was not.

**THE COURT:** --at 12 after 9:00 on the date of trial.

**APPELLANT:** I tried to do it Friday. . . . I wasn't here to argue the case. She said it was a telephone conference. I didn't get a say in it. So I can't –

**THE COURT:** Well, you have it today.

**APPELLANT:** I had my attorney put in for the reasons. Those weren't – the ones she put in weren't all the reasons.

**THE COURT:** I can promise you that if I had all your reasons that you gave me today –

**APPELLANT:** So you're just going to – sorry. Go ahead.

**THE COURT:** If I had those on Friday or today, your motions are denied. We are here for trial. And the fact that you think the public defender's office is out to get you and they're not even involved in the case.

**APPELLANT:** Yes, they are. I'm represented by the public defender's office.

**THE COURT:** No you're not.

**APPELLANT:** I'm not paying her. Who's paying her?

**THE COURT:** The county.

**APPELLANT:** So that makes her a public defender.

**THE COURT:** No. That means she's court appointed. There's a difference there. She does not work for the public defender's office. They have no control over her, none whatsoever.

**APPELLANT:** He has a problem with me, so how is he going to prosecute me if he has a problem with me.

**THE COURT:** That's why he's prosecuting you. He's got a problem with you.

**APPELLANT:** Not just because of my case.

**THE COURT:** So you are asking that I declare he has a conflict--

**APPELLANT:** Yes.

**THE COURT:** -- and remove him from the case? That motion is denied.

[Appellant then argued he was unaware he could file a motion to change venue, which he claimed was necessary because he could not get a fair jury pool in the county. The court denied this motion because during *voir dire* the jurors were asked if they knew about the case or had conflicts of any sort, and they all answered that they did not.]

. . .

**THE COURT:** So you've had from May 11 [the date charges were filed] till now to have an attorney of your choosing. You've had from May 11 up until after trial was supposed to start this morning to make a motion to have your counsel withdraw, if there was a valid reason, which I haven't even heard a single one, and you haven't done that. Instead you wait till the day of trial trying to delay it for reasons that clearly aren't valid.

**APPELLANT:** Well, I just had my grandfather die on the . . . 17th of this month; and, as of the 26th, I was left like 10 grand. So that allows me to now purchase a lawyer, where I didn't have any funds whatsoever to be able to do that. So now with my wife being the power of attorney, she can hire one; and I didn't have that option, you know, whenever these charges were filed. I was at the mercy of –

**THE COURT:** No, but you had that option prior to jury selection. You had that option prior to this morning. You had that option prior to Friday. And you chose not to exercise that option until you're sitting here with the jury waiting –

**APPELLANT:** Yeah.

**THE COURT:** -- on the morning of trial.

**APPELLANT:** It's just like Tuesday, I had that option.

N.T. 10/27/17, at 9-20.

Appellant's jury trial commenced immediately after the court denied Appellant's *pro se* motion for a continuance and the jury found him guilty on all counts. Appellant was sentenced, as noted, on November 22, 2017. Initially, no post-sentence motion or direct appeal was filed.

To remedy a post-sentence miscommunication between the court and Appellant, the trial court entered an order reinstating Appellant's post-sentence motion rights and direct appellate rights on December 18, 2018. Subsequently, on December 27, 2018, the trial court entered an order in which it granted Appellant an extension of time to file a notice of appeal or post-sentence motions. The order provided that the post-sentence motion would be due within ten days of counsel's receipt of trial and sentencing transcripts, or alternatively, the notice of appeal would be due within thirty days of such

receipt. Appellate counsel received the complete set of transcripts on October 7, 2019, and he filed the instant appeal on Appellant's behalf on November 1, 2019.

Appellant presents the following question for our consideration:

Whether the trial court erred in denying defendant's continuance request to obtain alternate counsel?

Appellant's brief, at 5.

Appellant argues that the trial court abused its discretion when it refused to grant him a continuance on the morning of his jury trial to allow him to obtain new counsel. In addressing such an issue, this Court has recently observed:

The decision to grant or deny a continuance request rests with the sound discretion of the trial court and we will not reverse the decision absent a clear abuse of discretion. *Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2000). This Court will not find an abuse of discretion if the denial of the continuance request did not prejudice the appellant. *Commonwealth v. Pettersen*, 49 A.3d 903, 914 (Pa.Super. 2012). In order to demonstrate prejudice, the appellant "must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time." *Commonwealth v. Ross*, 57 A.3d 85, 91 (Pa.Super. 2012) (citation omitted).

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution guarantee a defendant's right to counsel. *McAleer*, 748 A.2d at 673. "In addition to guaranteeing representation for the indigent, these constitutional rights entitle an accused to choose at his own cost and expense any lawyer he may desire." *Id.* (internal quotation marks and citation omitted). However, a defendant's constitutional right to counsel of his choice is not absolute and "must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of

criminal justice." ***Commonwealth v. Robinson***, 364 A.2d 665, 674 (Pa. 1976) (internal quotation marks omitted).

This Court cannot permit a defendant to utilize this right "to clog the machinery of justice and hamper and delay the state in its efforts to do justice with regard both to him and to others whose rights to speedy trial may thereby be affected." ***Id.*** A defendant's right to choose private counsel "must be exercised at a reasonable time and in a reasonable manner." ***Commonwealth v. Rucker***, 761 A.2d 541, 542-43 (Pa. 2000) (citation and emphasis omitted).

In ***Commonwealth v. Prysock***, 972 A.2d 539 (Pa.Super. 2009), this Court set forth the following factors to consider on appeal from a trial court's ruling on a continuance motion to obtain private representation: (1) whether the court conducted an extensive inquiry into the underlying causes of defendant's dissatisfaction with current counsel; (2) whether the defendant's dissatisfaction with current counsel constituted irreconcilable differences; (3) the number of prior continuances; (4) the timing of the motion for continuance; (5) whether private counsel had actually been retained; and (6) the readiness of private counsel to proceed in a reasonable amount of time. ***Prysock***, 972 A.2d at 543.

***Commonwealth v. Broitman***, 17 A.3d 297, 299-300 (Pa.Super.

2019), *reargument denied* (Oct. 25, 2019). [2]

---

[2] We observe, furthermore, that the granting of continuances in criminal cases is governed by Pa.R.Crim.P. 106, which provides, in pertinent part, the following:

(A)   The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

\* \* \*

(D)   A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the

Here, our review of the record reveals that the trial court conducted a thorough inquiry into Appellant's dissatisfaction with conflict counsel, Attorney Shetter, and found that among his many stated reasons offered in support of his request for a continuance on the morning of his jury trial, none was legitimate. The record demonstrated that Attorney Shetter had provided Appellant with zealous and competent advocacy to that point and was prepared for trial. Moreover, to the extent Appellant had only recently acquired an inheritance that permitted him to hire private counsel of his choosing, the trial court observed that by Appellant's own timeline he had the opportunity to request a change of counsel a week prior to the start of trial but elected to wait until the morning of trial that had been scheduled months in advance.

Based on these facts, the trial court concluded that Appellant's last-minute request was calculated to delay proceedings and that granting such a request under the circumstances would have placed an unreasonable burden upon both the court in its management of a busy docket and the Commonwealth in its administration of justice. We find no abuse of discretion

_____

defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106(A), (D). *See Broitman*, 17 A.3d at 300 (discerning no error with court's denial of defendant's request for a continuance to retain new counsel on morning of scheduled trial) (citing *Commonwealth v. Novak*, 395 Pa. 199, 150 A.2d 102, 109-10 (1959) (holding the defendant's request to change counsel on the day of trial was properly denied)).

in the trial court's denial of Appellant's request for new counsel and a continuance on the day of the scheduled jury trial, particularly where Appellant fails to indicate how he was prejudiced at trial by the court's decision.

Therefore, we conclude the trial court properly weighed Appellant's right to counsel of his choice against the competing interests of the court and Commonwealth in proceeding with a trial scheduled for that morning, and it reasonably determined that granting Appellant's last-minute request, unsupported by legitimate reasons, would have worked an undue burden. Appellant, moreover, provides no meaningful argument that he consequently suffered prejudice at trial. Thus, we discern no abuse of discretion in the court's ruling denying Appellant's request for a continuance to permit him to retain new counsel.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2020