J-S29039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY FRIEDLANDER | : | |
| | : | |
| Appellant | : | No. 1699 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 12, 2022
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-MD-0000195-2022

BEFORE:   MURRAY, J., KING, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 11, 2023**

Jeremy Friedlander appeals from the judgment of sentence imposed following a non-jury trial in which he was found guilty of indirect criminal contempt of a Protection from Abuse ("PFA") Act order. **See** 23 Pa.C.S. § 6114(a). For this offense, Friedlander was sentenced to one to six months of incarceration and a one thousand dollar fine. On appeal, Friedlander singularly asserts that the trial court abused its discretion in denying his request for a continuance of his trial. We vacate the judgment of sentence and remand for a new trial.

As best can be gleaned from the record, the court granted an *ex parte* temporary PFA order against Friedlander on June 27, 2022. The affidavit of service for that order indicates that Friedlander was served on June 29, 2022,

_____

* Retired Senior Judge assigned to the Superior Court.

at 3:00 AM. However, that same affidavit of service is dated July 29, 2022.

On August 11, 2022, an indirect criminal contempt complaint was filed, alleging that Friedlander had violated the temporary PFA order by harassing the individual that it protects. On September 14, 2022, the court continued proceedings until October 11, 2022, apparently in order for Friedlander to obtain counsel. At or around this September date, Friedlander applied for representation from the Bradford County Office of the Public Defender, which, according to him, was granted. Friedlander was incarcerated at the county jail as of the date that he made the application.

When Friedlander was bailed out of jail on September 23, 2022, following further consultation, he became aware that he made too much money to receive representation from a public defender. Accordingly, over the subsequent roughly three-week period, Friedlander indicated that he "had to skip a truck payment, a camper payment, but [he] was able to save up [fifteen hundred dollars] and obtain [his current counsel,] William Hebe[, Esq.,] in Wellsboro." N.T., Violation of PFA Trial, 10/11/22, at 2. Despite acquiring private counsel, Friedlander, at the October 11 trial, conveyed to the court that "[t]he earliest [counsel] could meet with [him] was [October 14, 2022]." *Id*. Friedlander's attorney "told [Friedlander] to ask [the court] for a continuance because he couldn't see [him] until [October 14]." *Id*. Immediately prior to the October 11 trial, Friedlander, after apprising the Commonwealth of his intention, requested a continuance, which was denied by the court because Friedlander, having already had one continuance, "had

several weeks to obtain an attorney[.]" *Id*. Moreover, in light of the September 14 continuance, this was the victim's second time being present and ready before the court. *See id*., at 2-3.

At the October 11 trial, Friedlander proceeded *pro se*. The testimony was limited to an August 11, 2022 incident where the victim recalled Friedlander chasing her in their respective automobiles. The vehicles eventually stopped, and Friedlander then attempted to grab her out of her vehicle. After this testimony, Friedlander asked no questions, asserting that he "wasn't even there." *Id*., at 7. Ultimately, "since the only evidence that's been presented is the evidence of the … victim, … the [c]ourt [found] [Friedlander] guilty of [i]ndirect [c]riminal [c]ontempt[.]" *Id*. On December 12, 2022, the trial court sentenced Friedlander to a one-to-six-month term of incarceration and a one thousand dollar fine. Friedlander timely appealed from this sentence, and the relevant parties complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Friedlander presents one issue for our consideration:

1. Did the lower court abuse its discretion in denying his *pro se* continuance request?

*See* Appellant's Brief, at 4.

We apply the following standard of review to Friedlander's issue:

A decision to grant or deny a continuance rests within the sound discretion of the trial court. We will not reverse a trial court's decision absent a showing of abuse of that discretion or prejudice to the defendant. An abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden

- 3 -

or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Commonwealth v. Tucker*, 143 A.3d 955, 966 (Pa. Super. 2016) (quotation marks and citations omitted) (cleaned up). As to the specific rules governing continuance motions:

A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106(D). Further expounding upon this precept, in *Commonwealth v. Robinson*, 364 A.2d 665 (Pa. 1976), our Supreme Court noted that "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id*., at 594 (citation omitted).

Specifically related to Friedlander's continuance request in this case to obtain new counsel[1],

[i]n examining whether a trial court abused its discretion in refusing to grant a continuance for a defendant to retain new counsel, … [w]e have … looked to the number of prior continuances in the matter, the timing of the motion, whether

---

[1] At a minimum, Friedlander was entitled to counsel for the duration of indirect criminal contempt proceedings before the lower court. *See* 23 Pa.C.S. § 6114(b)(3).

- 4 -

private counsel had actually been retained, and the readiness of private counsel to proceed in a reasonable amount of time.

***Commonwealth v. Prysock***, 972 A.2d 539, 542-43 (Pa. Super. 2009).

Mirroring its pronouncement at the trial, in its Rule 1925(a) statement, the court justified its decision denying Friedlander of his continuance request because:

> [Friedlander] had previously been granted a continuance to obtain counsel. He appeared again without counsel. The Commonwealth twice had witnesses (alleged victim) appear. It was not unreasonable or the result of partiality, prejudice, bias or ill-will that [Friedlander's] continuance request was denied.

Statement in Lieu of Opinion Pursuant to [Pa.R.A.P.] 1925(a), 2/2/23, at 1.

As Friedlander was effectively obligated to proceed *pro se* at the time of the trial, we note the following:

> The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his or her defense. Similarly, Article I, Section 9 of the Constitution of this Commonwealth affords to a person accused of a criminal offense the right to counsel. However, the constitutional right to counsel of one's own choice is not absolute. Rather, the right of an accused individual to choose his or her own counsel, as well as a lawyer's right to choose his or her clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice. Thus, while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice.

***Commonwealth v. Lucarelli***, 971 A.2d 1173, 1178-79 (Pa. 2009) (citations omitted). In ***Lucarelli***, our Supreme Court found that the defendant, who proceeded *pro se* before the trial court, forfeited his right to counsel because

"he engaged in extremely dilatory conduct. [That defendant] had more than eight months to prepare for trial; had the financial means to retain counsel; did retain counsel on several occasions …; and failed to offer an explanation for not having retained counsel by the start of trial." *Id*., at 1180.

"[O]ne charged with indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford." *Commonwealth v. Baker*, 722 A.2d 718, 720 (Pa. Super. 1998); *see also* 23 Pa.C.S. § 6114(b)(3) (establishing right to counsel in indirect criminal contempt proceedings). Generally speaking, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense … unless he is represented by counsel at his trial." *Commonwealth v. Crawford*, 352 A.2d 52, 54 n.6 (Pa. 1976). This right is necessarily extended to contempt proceedings where "the defendant is faced with the prospect of imprisonment." *Id*. (citation omitted). "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Phillips*, 93 A.3d 847, 851-52 (Pa. Super. 2014) (citations and quotation marks omitted).

Upon review, we conclude that the trial court abused its discretion by denying Friedlander's request for a continuance. While the continuance request was not made until the date of trial, only one prior request had been made approximately three weeks prior to the trial, Friedlander was incarcerated for a portion of the interim period, and he contacted the Office of

the Public Defender in that period and was initially informed that he was entitled to a public defender, but later was ruled ineligible. ***See Prysock***, 972 A.2d at 542-43. Further, Friedlander retained private counsel, Attorney Hebe, during that period, apprised the court of the name of his counsel, and provided a date certain, three days after the scheduled trial, upon which he would be able to meet with Attorney Hebe to discuss the particularities of his case.[2] ***See id.***

Moreover, we note that the effect of the lower court's ruling was to deprive Friedlander of his right to counsel at trial. While a criminal defendant can forfeit the right to counsel through "extremely serious misconduct" or "extremely dilatory conduct," the trial court did not make a finding that Friedlander had engaged in the level of conduct that would warrant such a forfeiture. ***Lucarelli***, 971 A.2d at 1179. In addition, the court did not conduct the necessary on-the-record colloquy to show that Friedlander wanted to voluntarily waive his right to counsel prior to the trial that resulted in the court's adjudication of his guilt. ***See Crawford***, 352 A.2d at 54 n.6.

Accordingly, we conclude that the trial court abused its discretion in denying Friedlander's request for a continuance, and we vacate his judgment of sentence and remand this matter to the trial court.

Judgment of sentence vacated. Case remanded for a new trial.

---

[2] Attorney Hebe entered an appearance in the trial court on October 24, 2022, and he has continued to represent Friedlander through this appeal.

Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date:  10/11/2023