J-S26045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARCUS D. BROOKING, | |
| Appellant | No. 3172 EDA 2017 |

Appeal from the PCRA Order Entered August 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012983-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED AUGUST 03, 2018**

Appellant, Marcus D. Brooking, appeals from the post-conviction court's order dismissing, without a hearing, his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant contends that his PCRA counsel was given inadequate time to review his case prior to the court's dismissing his petition.  After careful review, we agree with Appellant.  Therefore, we vacate the court's order denying his petition and remand for further proceedings.

The facts of Appellant's case are not pertinent to our disposition of his present appeal.  We need only note that on December 8, 2014, Appellant entered a guilty plea to one count of third-degree murder, possession of a

_____

[*] Former Justice specially assigned to the Superior Court.

firearm by a person prohibited, and possessing an instrument of crime. He was sentenced that same day to an aggregate term of 23 to 46 years' incarceration.

On December 16, 2014, Appellant filed a motion to withdraw his guilty plea, contending, *inter alia*, that his trial counsel had acted ineffectively by pressuring him into entering that plea. Following a hearing, the trial court denied Appellant's motion to withdraw his plea. He did not file a direct appeal.

However, on February 10, 2015, Appellant filed a PCRA petition seeking the reinstatement of his direct appeal rights. The PCRA court granted that petition, and Appellant filed a direct appeal with this Court, arguing that his guilty plea was not knowing, intelligent, and voluntary, and that his counsel had acted ineffectively by inducing him to enter that plea. This Court deemed Appellant's ineffectiveness claim premature, and dismissed it without prejudice to his right to raise it on collateral review. *See Commonwealth v. Brooking*, No. 806 EDA 2015, unpublished memorandum at 8 (Pa. Super. filed February 8, 2016). Nevertheless, we concluded that the record demonstrated that Appellant's plea was knowing, intelligent, and voluntary. *See id.* Accordingly, we affirmed his judgment of sentence.

On October 28, 2016, Appellant filed the timely PCRA petition that underlies the present appeal. Therein, he again claimed, among other things, that his trial counsel acted ineffectively in compelling him to plead guilty. The PCRA court appointed Lauren Baraldi, Esq., to represent Appellant. However, on June 27, 2017, Attorney Baraldi filed a petition to withdraw, stating that

she had obtained new employment and was closing her law practice in Philadelphia effective July 17, 2017. The court did not immediately rule on Attorney Baraldi's petition, and on July 11, 2017, she filed a second petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth Finley**, 550 A.2d 213 (Pa. Super. 1988).

According to Appellant, at a court proceeding on July 14, 2017, Attorney Baraldi again informed the PCRA court that she must withdraw due to the closing of her law practice. Appellant's Brief at 5. Appellant claims that David Rudenstein, Esq., happened to be in the courtroom and was asked by the PCRA court if he would "take on the case[,] … review the matter[,] and … advise the [c]ourt as to whether the [**Turner/**]**Finley** Letter [filed by Attorney Baraldi] was adequate." **Id.** Attorney Rudenstein agreed to do so, and the court issued an order appointing him as Appellant's PCRA counsel on July 14, 2017. That same day, the court also issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. The court set the 'formal dismissal' date for August 24, 2017.

On August 9, 2017, Attorney Rudenstein requested a continuance of the August 24, 2017 dismissal date.[1] On August 14, 2017, the PCRA court issued an order denying that motion without explanation. Then, on August 24, 2017,

---

[1] Attorney Rudenstein's motion for a continuance was not docketed, and is not contained in the certified record. The court acknowledges that such a motion was filed on August 9, 2017, in the August 14, 2017 order denying it.

the PCRA court issued an order, and accompanying opinion, denying Appellant's PCRA petition. The court did not acknowledge, or discuss, its denial of Attorney Rudenstein's continuance request. Instead, the court addressed the issues presented by Appellant in his *pro se* petition, concluding that they were all inadequately pled and/or meritless.

Appellant filed a timely notice of appeal. The PCRA court did not order him to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant presents three issues for our review, which we have reordered for ease of disposition:

1. Was [t]he [PCRA court] in error when [it] dismissed this case pursuant to the [**Turner/**]**Finley** Letter filed by prior counsel, but after appointing the undersigned to review the case and all without giving this counsel a meaningful chance or time to make said review?

2. Was [Appellant's] underlying [g]uilty [p]lea to the charges made in an involuntary fashion?

3. Was [A]ttorney … Baraldi …, the second PCRA attorney on this case[,] ineffective when she drafted a [**Turner/**]**Finley** Letter which the [c]ourt ultimately accepted?

Appellant's Brief at 3.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001).

- 4 -

Regarding Appellant's first issue, we recognize "that the decision to grant or deny a request for a continuance is within the sound discretion of the trial court." ***Commonwealth v. Prysock***, 972 A.2d 539, 541 (Pa. Super. 2009). We will only reverse a court's decision to deny a continuance request

> upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record….

***Id.*** (citations omitted).

Here, Appellant contends that it was an abuse of discretion to deny Attorney Rudenstein's request for a continuance. He explains:

> [T]he [c]ourt itself appointed [Attorney Rudenstein] to review this matter and [Appellant] was entitled to such a review as his previous counsel was getting out of the case before it was over. The [c]ourt did not permit counsel the sufficient time to make that review.[2] Perhaps more importantly, there was simply no reason then and no reason now for the [c]ourt to have refrained from affording [Attorney Rudenstein] an extra four to six weeks to make further review and report to the [c]ourt. Furthermore,

---

[2] Attorney Rudenstein explains that,

> there are very few attorneys in Philadelphia who will accept PCRA appointments. This counsel is one of them and receives many such appointments. [The PCRA judge in this case] is very well aware of that. There is simply no way in the course of counsel's practice that he could have made an investigation of a case, corresponded with his client[,] and evaluated the matter in five or six weeks. If it was the only case on counsel's roster, counsel could have done it. However, counsel was unable to put this case ahead of many other cases which were waiting their turn.

Appellant's Brief at 5 n.1.

- 5 -

[Appellant] is prejudiced in that his counsel, as noted above in this [b]rief[,] would not simply have reported that previous counsel[, Attorney Baraldi,] did a good job but would have reported that [she] was perhaps in error when she filed a [*Turner/*]*Finley* Letter and where she should have filed an Amended Petition. That does not mean that [Appellant] would have eventually received a new trial[,] but he would have received his day in [c]ourt; he would have had [his trial counsel's] actions reviewed and he could have had an appeal on the record if he lost. Thus, [Appellant] was indeed prejudiced.

Appellant's Brief at 12.

We are compelled to agree with Appellant. Attorney Rudenstein acted with reasonable haste in requesting the continuance on August 9, 2016, which was only a few weeks after he was appointed by the PCRA court. Additionally, the continuance request was counsel's first, and it was made well before the formal dismissal date of August 24, 2016. The PCRA court did not offer any reason for denying the continuance request in the order doing so, nor in its opinion accompanying the order denying Appellant's petition. A PCRA petitioner is entitled to representation during the litigation of their first PCRA petition, regardless of whether their underlying claims have merit. ***See Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998). Given this right to counsel, we conclude that the PCRA court abused its discretion by appointing Attorney Rudenstein and then denying, without explanation, counsel's request for more time to review Appellant's case. Therefore, we vacate the PCRA court's order and remand for the court to provide Attorney Rudenstein with an additional 60 days to review Appellant's petition.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Bowes joins this memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/18