J-A21043-22
J-A21044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER FRANK MEYERLE | : | |
| | : | |
| Appellant | : | No. 1765 EDA 2021 |

Appeal from the PCRA Order Entered July 23, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002035-2012,
CP-09-CR-0004709-2011, CP-09-CR-0004719-2011,
CP-09-CR-0004747-2011, CP-09-CR-0004863-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER FRANK MEYERLE | : | |
| | : | |
| Appellant | : | No. 2548 EDA 2021 |

Appeal from the PCRA Order Entered July 23, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004709-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER FRANK MEYERLE | : | |
| | : | |
| Appellant | : | No. 2549 EDA 2021 |

Appeal from the PCRA Order Entered July 23, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004719-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WALTER FRANK MEYERLE | : | |
| Appellant | : | No. 2550 EDA 2021 |

Appeal from the PCRA Order Entered July 23, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004747-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WALTER FRANK MEYERLE | : | |
| Appellant | : | No. 2551 EDA 2021 |

Appeal from the PCRA Order Entered July 23, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004863-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WALTER FRANK MEYERLE | : | |
| Appellant | : | No. 2552 EDA 2021 |

Appeal from the PCRA Order Entered July 23, 2021

J-A21043-22
J-A21044-22

In the Court of Common Pleas of Bucks County Criminal Division at No(s): CP-09-CR-0002035-2012

BEFORE: LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED FEBRUARY 10, 2023**

In these consolidated appeals,[1] Walter Frank Meyerle (Appellant) appeals, *pro se*, from the order entered in the Bucks County Court of Common Pleas dismissing his first, timely petition for relief filed pursuant to the Post Conviction Relief Act (PCRA).[2] Appellant seeks relief from the judgment of sentence of an aggregate term of 479½ to 959 years' imprisonment following his non-jury convictions of 188 criminal offenses involving his sexual abuse of multiple male and female minor victims over a 14-year period, his possession of child pornography, and his attempt to escape from prison. On appeal, Appellant raises claims asserting: (1) the ineffective assistance of prior counsel; (2) the denial of his due process when the trial court refused a continuance request; (3) prosecutorial misconduct; and (4) the denial of his right to assist in his defense due to side effects from his medication. For the reasons below, we affirm the order at Docket 1765 EDA 2021, and quash the appeals at Dockets 2548-2552 EDA 2021.

_____

[1] On May 16, 2022, this Court consolidated the appeals at Dockets 2548-2552 EDA 2021, and directed that they be listed consecutively to the appeal at Docket 1765 EDA 2021. **See** Order, 5/16/22. We further ordered the parties to address the appeals in one consolidated brief. **See id.**

[2] 42 Pa.C.S. §§ 9541-9546.

The relevant facts underlying Appellant's convictions are summarized in the PCRA court's 67-page opinion, and we need not recite them in detail herein. *See* PCRA Ct. Op., 10/25/21, at 4-17 (citation omitted). Suffice it to say that from 1997 through 2011, Appellant groomed and sexually abused 15 minor, male and female victims, ranging in age from 4 to 17 years old. The PCRA court detailed the relevant procedural history as follows:

On March 16, 2011, [Appellant] was charged with 42 criminal offenses for crimes committed against K.M., a female minor (Docket No. 4719-2011). On May 13, 2011, [Appellant] was charged with 213 criminal offenses for crimes committed against 13 additional victims, male and female minors (Docket No. 4747-2011). On June 27, 2011, [Appellant] was charged with 40 counts of Child Pornography and Criminal Use of a Communications Facility (Docket No. 4709-2011). On June 27, 2011, [Appellant] was charged with two criminal offenses in connection with [his] plan to escape from Bucks County Correctional Facility (Docket No. 4863 -2011). Private counsel, Kevin Mark Wray, Esquire, . . . was retained to represent [Appellant] in May, 2011. In July of 2011, [Appellant] waived his preliminary hearings in all four cases. On October 24, 2011, [Attorney Wray] filed an omnibus pretrial motion.

On February 21, 2012, [Appellant] was charged with eight criminal offenses for crimes committed against M.C., a female minor (Docket No. 2035-2012). The preliminary hearing was held on March 21, 2012. All charges were held for court.

On March 21, 2012, [Attorney] Wray filed four additional pretrial motions. A hearing on all of [Appellant's] motions began on April 16, 2012 and concluded on April 20, 2012. During the course of that hearing, [Appellant] advised [the trial c]ourt that he wanted to fire [Attorney] Wray and asked for time to find new counsel. [Appellant's] request for a continuance of the trial to obtain new counsel was granted. Trial was scheduled for July 16, 2012. The pretrial hearings continued as scheduled.

[Appellant] thereafter applied and was approved for Public Defender representation. Due to a conflict of interest, on June 27, 2012, private conflict counsel, Michael S. Goodwin, Esquire and

William Craig Penglase, Esquire, . . . were appointed to represent [Appellant]. Two attorneys were appointed due to the nature of the case and because trial was scheduled to begin at the end of July. On July 23, 2012, [Attorneys Goodwin and Penglase] filed eight supplemental pretrial motions.

On July 24, 2012, the trial was continued to August 13, 2012. A hearing on the supplemental pretrial motions was held on July 26, 2012. Prior to the hearing, the Commonwealth requested a continuance of the trial date due to the unavailability of one of the lead detectives. That request was denied. On the day of the hearing, [Attorneys Goodwin and Penglase] requested a continuance of the trial date. That motion was also denied.

On August 13, 2012, [Appellant] waived his right to trial by jury and the cases proceeded by stipulated waiver trial. [Appellant] stipulated to the admission of the Commonwealth's evidence through police reports, the testimony of the investigators and other exhibits. On August 21, 2012, [Appellant] was found guilty of 188 criminal offenses [arising under all five trial court dockets, including rape, involuntary deviate sexual intercourse, aggravated indecent assault, sexual abuse of children-child pornography, and solicitation to commit escape.[3]]

\* \* \*

In October, 2012, Stuart Wilder, Esquire, . . . was appointed to represent [Appellant].

On January 24, 2013, [Appellant] was sentenced to an aggregate term of incarceration of 494½ to 989 years. By order dated January 30, 2013, this Court vacated sentence on two counts in Docket No. 2035-2012, reducing the aggregate minimum sentence to 479½ to 959 years imprisonment. On February 4, 2013, [Appellant] filed post-sentence motions[, which were later withdrawn].

On April 22, 2013, [Appellant] filed a timely appeal. On December 24, 2014, the Superior Court affirmed the judgment of sentence[, and the Pennsylvania Supreme Court later denied Appellant's petition for allowance of appeal. ***See***

_____

[3] ***See*** 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), (6), (7), and (b), 3125(a)(7), (8), and (b), 6312(d), 902(a) and 5121(a), respectively.

*Commonwealth v. Meyerle*, 1252 EDA 2013 (Pa. Super. Dec. 24, 2012), *appeal denied*, 54 MAL 2013 (Pa. Jun. 11, 2015).]

On April 21, 2016, [Appellant] filed a *pro se* request for PCRA relief. On February 7, 2016, Paul G. Lang, Esquire, was appointed to represent [Appellant]. On May 15, 2017, [Attorney] Lang filed a Motion to Appoint Substitute Counsel based on [Appellant's] multiple allegations of ineffective assistance, [Appellant's] allegation that [Attorney] Lang's law partner represented one of the victim[s] and [Attorney] Lang's belief that there was an irretrievable and irrevocable breakdown in the attorney/client relationship. On October 18, 2017, a hearing on PCRA counsel's motion was held. At that time, [Appellant] agreed that [Attorney] Lang did not have a conflict of interest and advised [the PCRA c]ourt that he wanted [Attorney] Lang to continue to represent him. The Motion to Appoint Substitute Counsel was therefore withdrawn.

On January 8, 2018, [Attorney] Lang filed a request for an extension of 90 days within which to file an amended PCRA petition. The request was based on [Appellant's] case being reassigned to new conflict counsel as a result of the hiring of additional attorneys to serve as conflict counsel and the restructuring of conflict counsel duties. By order dated January 12, 2018, the appointment of [Attorney] Lang was vacated and Patrick J. McMenamin, Jr., Esquire, was appointed to represent [Appellant] in the PCRA proceedings.

On May 29, 2018, [Attorney] McMenamin filed a Post Conviction Relief Act No Merit Letter & Memorandum of Law Pursuant to *Commonwealth v. Finley*[4] (hereinafter "No Merit Letter") and a Petition to Withdraw as Counsel. On June 4, 2018, [Appellant] filed a *pro se* motion for appointment of new PCRA counsel. On October 4, 2018, [Attorney] McMenamin was directed to file a supplemental no merit letter and memorandum of law or an amended PCRA petition within 90 days of the order to address [Appellant's] search warrant claims in light of the Supreme Court decision in *Commonwealth v. Hopkins*, 164 A.3d 1133 (Pa. 2017). On January 4, 2019, [Attorney] McMenamin filed a Post Conviction Relief Act Supplemental No Merit Letter &

---

[4] *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *See also Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

Memorandum of Law Pursuant to **Commonwealth v. Finley** ("Supplemental No Merit Letter") and a motion to withdraw.

On July 12, 2019, a video hearing was held at which time [Appellant] was advised of [the PCRA c]ourt's intent to dismiss his PCRA Petition. He was advised that he would be given 20 days to respond, that he could proceed *pro se* or with privately retained counsel and that an extension of the time to file a response would be granted upon request. He was further advised that the exhibits/documents [he] sent to PCRA counsel would be returned to him for his use in preparing a response. Written Notice of intent to Dismiss was filed of record on July 15, 2019 and PCRA counsel was granted leave to withdraw.

On July 18, 2019, [Appellant] filed a petition requesting a 120-day extension within which to file his response[, which was granted by the PCRA court — thus, his response was due by November 18, 2019.] On August 28, 2019, [Attorney] McMenamin filed a Certification of Compliance verifying that all documents received from prior counsel and/or [Appellant] as well as copies of all of the notes of testimony had been sent to [Appellant]. [However, Appellant later advised the PCRA court] that several items were missing from the documents he had been provided[, and, thus, he requested another extension of time to file his response. The trial court scheduled a video hearing for December 12th, at which time Appellant] acknowledged that he received two boxes of documents from [Attorney] McMenamin but asserted that certain documents were missing. [The court directed Appellant, within two weeks of the hearing,] to file of record a list of the documents that had previously been provided in discovery but which had not been included in the materials forwarded to him[.] The Commonwealth was directed to file a response within two weeks of receipt of [Appellant's] request[, and Appellant] was granted 60 days from the date of the hearing to file his response to the Notice of Intent to Dismiss.

On January 2, 2020, [Appellant] filed a list of the documents he was requesting. The Commonwealth did not file a response. On March 3, 2020, the Commonwealth was directed to file a response on or before May 4, 2020. On March 12, 2020, the Commonwealth filed its Answer identifying those items of original discovery that would be reproduced and provided to [Appellant] and those items that were not part of original discovery and/or were not in possession of the Commonwealth.

On May 14, 2020, [Appellant] file[d] a petition seeking to obtain documents he alleged the [Commonwealth] agreed to produce but which had not been provided to him. He also advised [the c]ourt that the notes of testimony from the December 12, 2019 hearing had not been transcribed. On June 10, 2020, an order directing the notes of testimony be transcribed was entered. On July 1, 2020, the [Commonwealth] filed a Certification of Compliance . . . verifying that the materials [it] agreed to reproduce had been reproduced and sent to [Appellant]. [Appellant responded on July 6th, which] confirmed that he received a box of material from the [Commonwealth] but alleged that the information provided was incomplete. On July 20, 2020, [he requested another] extension to respond to the Notice of Intent to Dismiss[, which the PCRA court denied on October 8, 2020. Appellant] was given until October 22, 2020 to file a response.

On October 30, 2020, [Appellant requested] a further extension based upon his alleged failure to receive the discovery items he requested and upon his limited access to the resources required to prepare a response as a result of the restrictions imposed by the Department of Corrections during the COVID-19 pandemic. Based upon [Appellant's] limited access to resources during the pandemic, [he] was granted until March 31, 2021 to file his response. On March 23, 2021, [Appellant] filed a written request for additional time[,] again relying on his limited access to the resources . . . as a result of the restrictions imposed . . . during the pandemic. By order dated March 26, 2021, [Appellant] was granted until June 30, 2021 to file his response. [Appellant's] subsequent requests for an extension beyond June 30, 2021 . . . were . . . denied.

PCRA Ct. Op. at 1-3, 17-22 (record citations & footnotes omitted; some paragraph breaks added).

Appellant filed an objection to the PCRA court's Rule 907 notice on July 1, 2021.[5] Thereafter, on July 23rd, the court entered an order denying

_____

5 Although the document is date-stamped July 6, 2021, the postmarked envelope in which the document was mailed bears a date stamp of July 1,
*(Footnote Continued Next Page)*

Appellant's PCRA petition. It merits mention that throughout the proceedings, and on direct appeal, both Appellant and the PCRA court listed all five docket numbers on each filing. The court's July 23, 2021, order denying relief informed Appellant that he had "thirty (30) days from the date of [that] order to file **an appeal** to the Superior Court." Order, 7/23/21 (emphasis added).

Appellant initially filed a notice of appeal in the Superior Court, which was forwarded to the PCRA court on August 30th. **See** Pa.R.A.P. 905(a)(4) ("If a notice of appeal is mistakenly filed in an appellate court, . . . the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and . . . the notice of appeal shall be deemed filed in the trial court on the date originally filed."). That notice of appeal — docketed in this Court at 1765 EDA 2021 — listed all five trial court docket numbers.[6] **See** Notice of Appeal, 8/30/21.

On October 25, 2021, this Court issued Appellant a *per curiam* rule to show cause concerning two issues. First, because the notice of appeal was date-stamped as received in the PCRA court on August 30, 2021, we directed

---

2021. "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). Although the reply was still untimely filed, it is evident the PCRA court excused the untimely filing and considered the document in disposing of Appellant's petition. **See** Order, 7/23/21 (noting that, in denying relief, court considered Appellant's PCRA petition, counsel's no merit letter, and Appellant's reply to the Rule 907 notice).

[6] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant to show cause why the appeal should not be quashed as untimely filed from the July 23, 2021, order denying PCRA relief. *See* Order, 10/25/21. Second, we directed Appellant to show cause why the appeal should not be quashed in light of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), *overruled in part*, ***Commonwealth v. Young***, 265 A.3d 462 (Pa. Dec. 22, 2021), which held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." ***Id.*** at 971.

Appellant filed a timely response, asserting that he did not receive the court's order in a timely manner but "did [his] best to respond in 30 days," and requesting an extension of time to file "a proper appeal for each docket." ***See*** Appellant's Reply to Order dated 10-25-21, 11/3/21, at 1 (unpaginated). By order entered November 8, 2021, this Court referred the issues to the merits panel, and informed Appellant that he would have to file an application for relief separate from his response. ***See*** Order, 11/8/21. The appeal at Docket 1765 EDA 2021 was later dismissed when Appellant failed to file a brief, but then reinstated upon his application for relief. ***See*** Order, 4/13/22.

Meanwhile, on December 2, 2021, Appellant filed five separate notices of appeal, one for each trial court docket.[7] ***See*** Notices of Appeal, 12/2/21,

---

[7] Appellant, once again, improperly filed these notices of appeal in the Superior Court, rather than the trial court. ***See*** Pa.R.A.P. 905(a)(4). Thus, while they are date-stamped as received on December 7, 2021, we refer to the date they were forwarded to the trial court by the Superior Court — December 2, 2021 — as the date of filing. ***See id.***

- 10 -

in the Superior Court. Once again, this Court forwarded the notices of appeal to the PCRA court. *See* Pa.R.A.P. 905(a)(4). They were subsequently docketed in this Court at 2548-2552 EDA 2021. On March 23, 2022, this Court issued a *per curiam* rule at each docket number, directing Appellant to show cause why the appeals should not be quashed as untimely filed. Appellant filed five identical responses on April 11, 2022, insisting that he originally filed the notices of appeal in a timely manner. *See* Appellant's Responses to Show Cause, 4/11/22, at 1-2 (unpaginated). On April 21, 2022, this Court referred the issue to the merits panel. *See* Orders, 4/21/22. Finally, on May 16, 2022, this Court consolidated the five appeals docketed at 2548-2552 EDA 2021, ordered that those appeals shall be listed consecutively to the appeal docketed at 1765 EDA 2021, and directed the parties to file one consolidated brief listing all six docket numbers. Order, 5/16/22.

Appellant presents the following questions for our review:

1) Was [Appellant] denied due process & ineffective assistance of counsel, when misstatement, omissions, & assertions of material facts were allowed to stand as truth in warrants on [M]arch 16th to arrest [Appellant] and search and seize property from . . . Penn Valley Road . . . also in violation of [Appellant's] 4th and 14th amendments? Causing an unlawful arrest and search on March 17th 2011?

2) Was [Appellant] denied due process & his constitutional rights to a fair trial, when [the trial court] denied a request for continuance by [Appellant] (pre trial) without applying any of the factors listed in [***Commonwealth v. Prysock***, 972 A.2d 539 (Pa. Super. 2009)?]

3) Was [Appellant] denied due process and a fair trial through prosecutorial misconduct . . . throughout the entire case?

- 11 -

4) Was [Appellant] denied effective assistance of counsel by [K]evin [W]ray, [Esquire,] through his handling on[e] case for over a year?

5) Does [Appellant] prove ineffective assistance of counsel for pretrial, trial, post trial and [PCRA] counsel with prior arguments?

6) Was [Appellant] denied effective assistance when trial counsel failed to file [an] alibi defense?

7) Was [Appellant] denied his right to be present and help in his defense due to side effects caused by medication ([Zyprexa])[?]

Appellant's Brief at 7 (unpaginated).[8]

Before we consider the claims raised on appeal, we must first address the appealability and **Walker** issues identified in this Court's show cause orders. Considering first the appeal at Docket 1765 EDA 2021, we note that a notice of appeal must be filed within 30 days "after entry of the order from which the appeal is taken." **See** Pa.R.A.P. 903(a). The PCRA court denied Appellant's petition on July 23, 2021. Thus, his notice of appeal was due by August 23, 2021.[9] Although Appellant (incorrectly) filed the notice of appeal in this Court on August 26, 2021, the envelope for the mailing bears a postage stamp date of **August 23, 2021**; thus, pursuant to the prisoner mailbox rule,

_____

[8] We have corrected Appellant's spelling and omitted unnecessary punctuation. We also note, with disapproval, Appellant's lengthy brief is unpaginated. Thus, we refer to the page numbers of the electronic version of the brief, which designates the cover page as page one.

[9] The thirtieth day for filing a timely notice of appeal — August 22, 2021 — fell on a Sunday; therefore, Appellant had until Monday, August 23rd to file a timely notice of appeal. **See** 1 Pa.C.S. § 1908 (when the last day of a time period falls on a weekend, that day shall be omitted from computation).

- 12 -

we consider that to be the date of filing. *See Crawford*, 17 A.3d at 1281; Pa.R.A.P. 121(f). Accordingly, Appellant's notice of appeal at Docket 1765 EDA 2021 was timely filed.

We also directed Appellant to address the fact that the notice of appeal, docketed at 1765 EDA 2021, listed all five trial court docket numbers in contravention of the Supreme Court's decision in *Walker*. We note, however, that the Supreme Court subsequently overruled *Walker*, in part, in its decision in *Young*. The *Young* Court reaffirmed that Pa.R.A.P. 341 requires separate notices of appeal when a single order resolves issues under more than one docket, but held that, "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate." *Young*, 265 A.3d at 477 (footnote omitted).

Here, Appellant attempted to remedy the defect in his August 23, 2021, notice of appeal by filing five separate notices of appeal — one for each trial court docket — on December 2, 2021. These appeals are docketed at 2548-2552 EDA 2021. However, he did so without obtaining permission from this Court. *See* Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action **as the appellate court deems appropriate**, which **may include**, but is not limited to, **remand of the matter** to the lower court so that the omitted procedural step may be taken.") (emphasis added).

Nevertheless, we note that this Court may overlook an appellant's failure to comply with **Walker** when "a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*). In **Larkin**, as in the present case, the PCRA court misinformed the appellant that he had thirty days "from the date of [the] order to file **an** appeal." **See id.** (citation omitted). **See also** Order, 7/23/21. Therefore, because Appellant was also misinformed as to his requirement to file more than one notice of appeal, we conclude a breakdown in the court system occurred and we decline to quash his appeal docketed 1765 EDA 2021.

Our ruling, however, renders Appellant's appeals docketed at 2548-2552 EDA 2021 superfluous. Indeed, Appellant only filed those notices of appeal in an attempt to comply with **Walker**. Because we conclude Appellant's original notice of appeal was sufficient, we quash the appeals docketed at 2548-2552 EDA 2021 as moot.

We now proceed to the issues raised on appeal. Our review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation and quotation marks omitted). Furthermore,

> [A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court

- 14 -

on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citations & quotation marks omitted).

Preliminarily, we are compelled to address the substantial defects in Appellant's *pro se* brief. It is well-established that appellate briefs "must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted). ***See also*** Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Moreover, while "this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit[,]" and is required to comply with the Rules of Appellate Procedure. ***Tchirkow***, 160 A.3d at 804 (citation omitted).

Here, at first glance, Appellant's brief appears to conform to the Rules. He includes a statement of jurisdiction, a statement of the scope and standard

of review, the order in question,[10] a statement of the questions presented, and a statement of the case. **See** Pa.R.A.P. 2111(a)(1)-(5); 2114-2117. **See also** Appellant's Brief at 4-9 (unpaginated). However, Appellant fails to present a summary of his arguments, or divide the arguments in his brief in any discernable manner. **See** Pa.R.A.P. 2118, 2119(a). Rather, the remainder of his brief consists of 209 pages of disjointed, rambling "argument" — presented in an incoherent manner — interspersed with copies of various exhibits and transcripts. **See** Appellant's Brief at 10-219. From what we can discern, Appellant contends that either the Commonwealth, the police or his victims fabricated evidence which led to several "illegal" searches, and that the search warrants contained misstatements and omissions. **See id.** at 13-16, 59-66, 102-06. Appellant also challenges the chain of custody of various items recovered during execution of the warrants and raises allegations of prosecutorial misconduct. **See id.** at 67-77. Lastly, Appellant insists the PCRA court exhibited "judicial bias" by denying a continuance request and disregarding the effect his medication had on his ability to assist in his defense. **See id.** at 210-16. Our review reveals little reference to Appellant's purported ineffectiveness claims save for his bald assertion that "all issues

---

[10] Appellant, however, incorrectly identifies the order on appeal as issued by the PCRA court on **October 25, 2021**. **See** Appellant's Brief at 6 (unpaginated). That is the date the PCRA court issued its opinion; the order on appeal was entered on July 23, 2021.

raised in this brief should have been previously raised by counsel." ***Id.*** at 76 (capitalization omitted).

Pennsylvania Rule of Appellate Procedure 2119 requires that the argument section in a brief "be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). The brief Appellant has presented to this Court fails to present any coherent argument concerning the issues identified in his Statement of the Questions, and provides little, if any, citation to relevant statutory authority or case law. ***See*** Appellant's Brief at 7 (unpaginated). For this reason, we conclude his claims are waived on appeal.

We note, however, that the PCRA issued a 67-page opinion on October 25, 2021, in which it addressed the "50 claims of ineffective assistance of counsel" Appellant presented in his *pro se* petition. ***See*** PCRA Ct. Op. at 27. The court provided a detailed and thorough analysis of Appellant's claims, such that, were we to conclude his arguments were not waived, we would rest on the PCRA court's opinion. ***See id.*** at 34-67. Accordingly, we direct that a copy of the PCRA court's October 25, 2021, opinion be filed along with this memorandum, and attached to any future filings of this memorandum.

Order affirmed.  Appellant's Application for Relief is denied as moot.[11]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2023

---

[11] On December 3, 2022, Appellant filed an application for relief seeking to "reopen this case to review [his b]rief." **See** Appellant's Application for Relief, 12/2/22.  Appellant apparently misread a docket sheet and believed his appeal was still dismissed for his failure to file a brief.  **See id.**  However, as noted **supra**, the appeal was later reinstated.  Thus, his claim is moot.