J-S42035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRYSTAL KELLY | : | |
| | : | |
| Appellant | : | No. 689 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000411-2021

BEFORE: LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: DECEMBER 3, 2024**

Appellant, Crystal Kelly, appeals from the aggregate judgment of sentence of 8½ to 25 years' incarceration, imposed after a jury convicted her of aggravated assault (serious bodily injury), 18 Pa.C.S. § 2702(a)(2), and assault by a prisoner, 18 Pa.C.S. § 2703(a). On appeal, Appellant challenges the discretionary aspects of her sentence, and alleges that the court erred by denying her request for a continuance to retain an expert witness. After careful review, we affirm.

The trial court summarized the facts underlying Appellant's convictions, which we adopt herein. *See* Trial Court Opinion (TCO), 7/3/24, at 1-2. Briefly, Appellant, while incarcerated on unrelated charges, assaulted a correctional officer, resulting in such severe injuries to the officer's hand that it had to be amputated. Appellant was convicted of the above-stated offenses

and sentenced to the aggregate term set forth *supra*. She filed a timely post-sentence motion that was denied.

Appellant then filed a timely notice of appeal, and she complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on July 3, 2024. Herein, Appellant states two issues for our review:

> I. Whether the trial court abused its discretion by issuing an excessive sentence in failing to run the counts concurrently rather than consecutively.
>
> II. Whether the trial court abused its discretion or committed an error of law in denying Appellant's request to continue in order to retain a medical expert to challenge the nature and cause of the injuries to the victim.

Appellant's Brief at 1.

Appellant first contends that the trial court abused its discretion by imposing an aggregate sentence that is manifestly excessive. Specifically, Appellant challenges the court's imposition of consecutive, rather than concurrent, sentences. She also argues that the court failed to consider her rehabilitative needs as required by 42 Pa.C.S. § 9721(b), and claims that the court "glosse[d] over … [her] mental health issues, specifically her diagnosis of post-traumatic stress disorder, depression, and anxiety." *Id.* at 9.

Initially, in Appellant's post-sentence motion, she only requested "that her sentence be modified to a concurrent sentence[,]" arguing that "[a] concurrent sentence would not diminish the seriousness of the offense, … it would still be very lengthy, and it would still punish [Appellant] harshly." Post-

Sentence Motion, 3/26/24, at unnumbered 2 ¶¶ 12, 13. Appellant raised no claim that the court failed to consider her rehabilitative needs or her mental health issues. She also does not point to where in the record of the sentencing hearing she raised these claims. Thus, she did not preserve them for our review. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

Alternatively, Appellant has also waived her assertions that the court failed to consider her rehabilitative needs or mental health issues by not raising them in her Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[1] Therein, Appellant stated only that "the [t]rial [c]ourt abused its discretion in issuing an excessive sentence and failing to run the counts concurrently rather than consecutively."

_____

[1] The trial court's Rule 1925(b) order notified Appellant that "[a]ny issue not properly included in this Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived." Order, 5/14/24, at 1 (single page); *see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

Rule 1925(b) Statement, 5/23/24, at 1 (single page). Accordingly, we will not review the merits of Appellant's waived claims.

Regarding Appellant's preserved argument that the trial court erred by imposing consecutive rather than concurrent terms of imprisonment, no relief is due. Initially, we recognize:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Griffin***, 65 A.3d at 935 (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Instantly, Appellant has failed to demonstrate that a substantial question exists warranting this Court's review.  In her Rule 2119(f) statement, Appellant claims that "the consecutive sentences issued resulted in an aggregate sentence of 8.5-25 years[,] which … Appellant contends is unduly harsh and thus a substantial question."  Appellant's Brief at 9 (citing ***Commonwealth v. Lamond***, 52 A.3d 365 (Pa. Super. 2012)).  In ***Lamond***, we stated that "the imposition of consecutive, rather than concurrent, sentences ***may*** raise a substantial question[,]" but "***in only the most extreme circumstances***, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Lamond***, 52 A.3d at 372 (emphasis added).  Here, Appellant does not explain why her aggregate sentence is unduly harsh in light of the nature of her crime or cite any other reason that the instant circumstances are extreme.  Thus, she has not demonstrated that a substantial question exists for our review.

In any event, even if Appellant had raised a substantial question, we would not conclude that relief is warranted.  Notably,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

In this case, the trial court had the benefit of a presentence investigation (PSI) report and stated that it had reviewed it. *See* N.T. Sentencing, 3/22/24, at 2. Thus, we presume the court was aware of relevant information regarding Appellant's character and any mitigating factors in this case. *See Moury*, 992 A.2d at 171 ("Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'") (citations omitted). Additionally, the court imposed standard range sentences and, therefore, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Id.* (citing *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545-46 (Pa. Super. 1995) (stating that a combination of a PSI and standard-range sentences, absent more, cannot be considered excessive or unreasonable)).

The court explained its decision to impose consecutive sentences in this case, as follows:

> We directed that each of [Appellant's] sentences for the offenses she was convicted of in this case be served consecutively because it was evident to the court that a lengthy period of custody and supervision was necessary to protect the public. … Appellant was living in a supervised setting when she committed these offenses. She refused to leave her cell to participate in her sentencing hearing.[2] She offered no apologies to the victim and no reassurance to the court … that the same assaultive and antisocial

---

[2] At the start of the sentencing proceeding, at which Appellant was to appear by video, the court was notified that she had left the room and was refusing to participate. *See* N.T. Sentencing at 4.

behaviors which gave rise to these offenses would not happen again. Moreover, … Appellant's conduct resulted in permanent and disfiguring injuries to the victim, who at the time she was victimized, was just doing her job.

TCO at 6-7. Thus, the court concluded that Appellant's challenge to its imposition of consecutive sentences was "wholly without merit." *Id.* at 7.

We would agree. Appellant does not offer any explanation for why the court's sentencing decision was an abuse of its ample discretion, given the seriousness of her offenses, the severity of the victim's injuries, and Appellant's apparent lack of remorse, as evidenced by her unwillingness to even participate in the sentencing proceedings. Accordingly, even if a substantial question existed in this case, we would not disturb Appellant's term of incarceration. Therefore, her first issue is meritless.

Next, Appellant argues that the trial court erred by denying her motion for a continuance so she could retain an expert "in the field of orthopedics…." Appellant's Brief at 10. Appellant vaguely avers that such an expert would have been able to testify "concerning the alleged injuries sustained by the victim … relative to the elements of the crimes charged." *Id.* Appellant complains that the court "denied the request for a continuance without a hearing[,]" thus providing her "no opportunity to establish [if] any of the factors which are relied upon in ascertaining whether the administration of justice would be vindicated by granting the continuance [were] present." *Id.* at 11. She also contends that, since the court held no hearing, there is nothing in the record indicating the Commonwealth objected to, or would have been prejudiced by, a continuance. Finally, Appellant insists that it was improper

- 7 -

for the court to deny the continuance based on the "single fact" that "almost 30 months had elapsed from the date of charging to the trial date." ***Id.*** Thus, Appellant concludes that her case must be remanded for a new trial.

We disagree. First, we note:

> It is well settled that the decision to grant or deny a request for a continuance is within the sound discretion of the trial court.

> Further a trial court's decision to deny a request for a continuance will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

***Commonwealth v. Prysock***, 972 A.2d 539, 541 (Pa. Super. 2009) (cleaned up).

Presently, the trial court explained why it denied Appellant's motion for a continuance, as follows:

> On December 8, 2023, … Appellant's counsel filed a motion for a continuance of her trial. The continuance motion represented that counsel needed more time to speak with … Appellant and additional time to retain an expert. We denied the request to continue the case … because the case was continued at the request of … Appellant and her counsel several times previously. The offenses charged in this case were … alleged to have been committed on June 24, 2020, and a criminal information was filed in the case on May 27, 2021. … Appellant and her counsel had ample time to prepare for trial and retain any experts counsel deemed necessary during the thirty (30) months between May 27, 2021, and the December 19, 2023, trial.

> \*\*\*

> Appellant's counsel filed a motion to continue the trial which was then scheduled to begin in ten (10) days. The request to continue

the trial represented that the defense wanted additional time to retain [an] expert "hand specialist" witness. We denied that continuance request[,] noting that … Appellant was represented consistently by the Office of the Luzerne County Public Defender for the past thirty (30) months.

\*\*\*

A bald allegation of insufficient time to prepare will not provide a basis for reversal of the denial of a continuance motion; instead, "an appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time." [**Commonwealth v.**] **Ross**, [57 A.3d 85,] … 91 [(Pa. Super. 2012) (citation omitted)].

In the present case, … Appellant's counseled motion represented that the defense did seek a medical expert, but the expert declined to offer his or her services to the defense. Noting that the case was continued by the defense multiple times previously[,] and further that … Appellant was represented by the Office of the Public Defender for the preceding thirty (30) months, we determined that the defense had ample time and opportunity to adequately prepare for this trial.

TCO at 7-9.

Appellant has failed to demonstrate that the court's decision to deny her motion for a continuance was an abuse of discretion. First, although she complains about the court's failure to hold a hearing on her motion for a continuance, she provides no discussion of what evidence or argument she would have presented at a hearing to prove a continuance was warranted. Second, Appellant does not explain why she could not have retained an expert during the 30 months that preceded her trial, so as to justify her request for a continuance a mere 10 days before the trial was set to begin. Third, Appellant does not discuss what expert she would have retained or summarize what testimony he or she might have offered that would have impacted the

jury's verdict. Accordingly, Appellant has not established that she was prejudiced by the court's decision to deny her motion for a continuance to retain an expert. *See Commonwealth v. Antidormi*, 84 A.3d 736, 745-56 (Pa. Super. 2014) ("We will not reverse a denial of a motion for continuance in the absence of prejudice.") (citation omitted). Thus, no relief is due.

Judgment of sentence affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/03/2024</u>